

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2005

# Maydak v. Warden Alghny Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Maydak v. Warden Alghny Cty" (2005). *2005 Decisions.* Paper 146.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/146

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-26                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3791

_____

KEITH MAYDAK,

                                        Appellant,

v.

WARDEN, ALLEGHENY COUNTY JAIL;
WARDEN OF THE NORTHEAST OHIO
REGIONAL CORRECTIONAL CENTER

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00388)
District Judge: Honorable Christopher C. Conner*

Submitted on a Motion For Summary Affirmance
October 20, 2005

Before: ROTH, FUENTES AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: December 7, 2005)

_____

OPINION

_____

_____

   * The Honorable Christopher C. Conner of the United States District Court for the
Middle District of Pennsylvania, sitting by designation.

PER CURIAM

Appellant Keith Maydak filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the Western District of Pennsylvania, claiming that his continued detention pending imposition of sentence for supervised release violations infringed on his right to due process and a speedy trial and constituted cruel and unusual punishment. Maydak was convicted of mail and wire fraud in 1994 in the same court and sentenced to a term of imprisonment of 8 years, to be followed by a three-year term of supervised release. He was released from incarceration in February 2001. Less than a year later, he was arrested by state authorities for driving under the influence, and charged by the United States Probation Office for violating the conditions of his supervised release.

Maydak was ordered to appear for a hearing on the supervised release violations in September 2001, and when he failed to appear, a warrant was issued for his arrest. Maydak then fled to Canada, where he was arrested in September 2002. In October 2004, Maydak was surrendered by Canada after lengthy extradition proceedings. In December 2004, Maydak admitted committing the alleged supervised release violations. The District Court (Bloch, J.) ordered a presentence report from the Probation Office and scheduled a sentencing hearing for March 7, 2005.

The hearing was cancelled when Maydak sought relief in our Court. Maydak objected to any delay in sentencing, claiming that the time spent in custody in Canada

would have to be credited against any term of imprisonment he received as a sentence for his supervised release violations pursuant to 18 U.S.C. § 3585(b), and that, as a result of this credit, he was being detained beyond the maximum statutory sentence for a supervised release violation, which in his case was 2 years pursuant to 18 U.S.C. § 3583(e)(3).

When we declined to provide any relief, Maydak filed the instant presentence habeas corpus petition in the sentencing court, again raising his argument that he was being detained beyond the maximum statutory sentence that could possibly be imposed upon him for supervised release violations pursuant to 18 U.S.C. § 3583(e)(3). In an order entered on August 3, 2005, the District Court (Conner, J., sitting by designation) denied the habeas petition. The court held that Maydak's continued detention was justified by the Bail Reform Act, 18 U.S.C. § § 3141-3156. The Act requires that a person determined to be in violation of supervised release conditions be detained until sentence is imposed, regardless of the prospective length of that sentence, unless the person is not a flight risk, which certainly could not be said of Maydak. Moreover, the delay in the proceedings was mostly due to Maydak's litigiousness, and did not warrant his release from detention.

Maydak appeals. The appellees have moved for summary affirmance of the District Court's order denying habeas relief.

We will dismiss the appeal as moot. On September 22, 2005, the District Court

3

(Bloch, J.) sentenced Maydak on the supervised release violations to two years, or time served. Maydak was remanded to the custody of the United States Marshal. Apparently, he was released four days later. The Bureau of Prisons Inmate Locator, http://www.bop.gov/inmate_locator/index.jsp, indicates that Keith Maydak, Register No. 04904-068, had a Release Date of September 26, 2005, and actually has been released.

In view of these developments, we conclude that the appeal is moot. In his presentence habeas petition, Maydak sought release from detention. He has achieved that result. The actions of the sentencing court in sentencing him to time served, and the Bureau of Prisons in releasing him, have forestalled any occasion for this Court to provide meaningful habeas relief. See Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996). Maydak did not challenge the adjudication that he was guilty of the supervised release violations, and the September 22, 2005 Judgment does not provide for any additional term of supervised release. Furthermore, we can detect no possible collateral consequences that might present a "case or controversy." See generally Lane v. Williams, 455 U.S. 624 (1982) (habeas challenge to three-year term of mandatory parole was moot because petitioners had completed serving term of imprisonment).

We will dismiss the appeal as moot. The appellees' motion for summary affirmance is denied.